IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOMINIC PIZZO, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | State Court Case No. 23SL-CC03252 |
| ) | |
| CHURCH & DWIGHT CO., and Does 1 through 10, ) ) ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Church & Dwight Co., Inc. (incorrectly sued as Church & Dwight Co., and referred to herein as "Church & Dwight" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the putative class action pending in the Circuit Court of St. Louis County, Missouri (the "State Court"), Case No. 23SL-CC03252, to the United States District Court for the Eastern District of Missouri, Eastern Division. As grounds for removal, Church & Dwight respectfully states as follows:

### THE REMOVED CASE

1. The removed case is a civil action commenced by the filing of a Class Action Complaint ("Complaint"), *Dominic Pizzo, individually and on behalf of all others similarly situated v. Church & Dwight Co.*, *et al.*, Case No. 23SL-CC03252, on or about August 3, 2023 in the State Court. Church & Dwight was served with the Summons and Petition through its registered agent on August 8, 2023.

2. Plaintiff, individually and allegedly on behalf of all others similarly situated, purports to challenge Church & Dwight's labeling of its Arm & Hammer "Powerful Clean –

Naturally Fresh" liquid laundry detergents packaged in 144.5 fluid ounce containers (the "Product"). (Complaint, ¶ 1.) Specifically, Plaintiff alleges that the "107 loads" statement on the Product's label is false and misleading to consumers. (*Id.*, ¶¶ 2-20, 34-95.)

3. Plaintiff's Complaint includes four counts:

 (a) In Count I, Plaintiff asserts a breach of warranty claim under Missouri law and purportedly under the laws of Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington and Connecticut (*id.*, ¶¶ 96-110);

 (b) In Count II, Plaintiff asserts a breach of implied contract claim under Missouri law (*id.*, ¶¶ 111-16);

 (c) In Count III, Plaintiff asserts an unjust enrichment claim under Missouri law (*id.*, ¶¶ 117-22); and

 (d) In Count IV, Plaintiff asserts a claim under the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.* ("MMPA") and purportedly under the consumer-protection laws of Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington and Connecticut (*id.*, ¶¶ 123-37).

4. Plaintiff's Complaint requests class certification, compensatory damages, restitution, punitive damages, injunctive relief, and attorneys' fees. (*Id.*, "Wherefore" Cl. following ¶ 137.)

5. There have been no proceedings before the State Court in connection with this case, and there has been no previous application made for the relief requested by this Notice of Removal.

6. This action is not one that is described in 28 U.S.C. § 1445.

### PAPERS FROM THE REMOVED CASE

7. Pursuant to 28 U.S.C. § 1446(a) and E.D. Mo. L.R. 2.02 and 2.03, copies of the following are attached to this Notice of Removal:

 (a) The complete file from the State Court, all summons and return of summons (if any), process, pleadings, and orders served upon Church & Dwight in the case, is attached hereto as Exhibit A.

  (b)  The Original Filing Form is attached hereto as <u>Exhibit B</u>.

  (c)  The Civil Cover Sheet is attached hereto as <u>Exhibit C</u>.

## GROUNDS FOR REMOVAL

**I. Removal is Timely.**

8. The Complaint in this case was served on Church & Dwight on August 8, 2023. Accordingly, removal is timely under 28 U.S.C. § 1446(b).

**II. The Court has Jurisdiction over this Case.**

9. Removal of a state court action to federal court is proper when the district court possesses original jurisdiction. 28 U.S.C. § 1441(a). This Court has original diversity jurisdiction over this case pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. As set forth below, this case is a civil action in which (a) Church & Dwight is a citizen of a State different from the State of which Plaintiff is a citizen and, therefore, one or more members of the putative class, (b) the putative class consists of more than 100 members, and (c) the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d).

10. A notice of removal need only provide a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The statute governing the content of a notice of removal, 28 U.S.C. § 1446, "[t]racks the general pleading requirements stated in [Fed. R. Civ. P.] 8(a)," and submissions of proof are only necessary if the notice of removal is contested. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-89 (2014); *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 965 (8th Cir. 2016) (same). The requirements for removal are satisfied here.

**Minimal Diversity is Satisfied**

11. Original jurisdiction under CAFA exists when the parties in a class action are minimally diverse, including when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). *See also GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).

13. Church & Dwight is a Delaware corporation, not New Jersey as alleged by Plaintiff, with its principal place of business in Ewing, New Jersey. (Compl., ¶ 23.)

14. Plaintiff alleges he is a citizen and resident of St. Louis, County, Missouri. (*Id*., ¶ 21.)

15. Plaintiff purports to represent a class of "all persons who purchased the Products" in the following states within the five years preceding the date the Complaint was filed (*i.e.*, between August 3, 2018 and August 3, 2023): Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington, and Connecticut. (*Id*., ¶ 28.) Plaintiff also purports to represent a class of putative plaintiffs who purchased the Product in Missouri during the same time period. (*Id*.)

16. The minimal diversity requirements of CAFA are satisfied.

17. Church & Dwight is not a citizen of the State in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

**Plaintiff Purports to Bring the Action on Behalf of a Class with at least 100 Members**

18. Plaintiff purports to bring the action on behalf of all individuals who have purchased the Product in any of nine different states or Washington D.C. at any point within the last five years. (Compl., ¶ 28.)

19. Plaintiff alleges that "the Class and Subclass includes at least tens-of-thousands of individuals on a multiple-state basis." (*Id*., ¶ 29.)

4

20. By any reasonable estimate, the proposed class easily satisfies CAFA's jurisdictional requirement of at least 100 members. *See, e.g.*, *Hargis v. Access Cap. Funding, LLC*, No. 4:09CV604CDP, 2009 WL 2757051, at *1 (E.D. Mo. Aug. 26, 2009) (holding that allegations of more than 100 potential class members "is enough to show that the class has more than 100 members"), *aff'd*, 674 F.3d 783 (8th Cir. 2012); *Davis v. Citibank, N.A.*, No. 4:14 CV 1129 CDP, 2014 WL 6673520, at *2 (E.D. Mo. Nov. 24, 2014) (where plaintiff alleged in her complaint that "it is estimated that there are hundreds of members of the class," denying motion to remand and explaining: "The class size is apparent from the face of [plaintiff]'s complaint, and this is sufficient to meet the CAFA jurisdictional requirement for numerosity").

### The Case Satisfies the CAFA Threshold Amount in Controversy

21. As required by 28 U.S.C. §1332(d)(2), the amount in controversy in this case exceeds the sum or value of $5,000,000, taking into account potential alleged damages and attorneys' fees, exclusive of interest and costs.

22. In assessing this requirement, "the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012) (emphasis in original); *Waller v. Henkel Corp.*, No. 4:23-cv-00486-SEP, 2023 WL 3750417, at *1 (E.D. Mo. June 1, 2023) (substantially similar); *see also Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

23. In this case, the amount in controversy exceeds $5,000,000.

24. First, Plaintiff seeks damages in excess of $5,000,000. Plaintiff claims that he "and the Class would not have purchased the Products had they known that the Products do not provide detergent for anywhere close to the 107 full loads." (Complaint, ¶ 42.) Plaintiff alleges that he and

5

the putative class, since they would not have purchased the Product at all had they known of the purported falsity, were harmed in the entire amount of the purchase price. (*See also id.*, ¶¶ 76, 110, 131.) Church & Dwight's sales of the Product in Missouri alone were over $5,000,000 during the putative class period. Church & Dwight also had millions of dollars of sales of the Product in Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington, and Connecticut during the putative class period. Thus, this case meets the $5,000,000 amount-in-controversy requirement. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 886-88 (8th Cir. 2013) (holding that total retail sales figures is Missouri during five-year class period for products underlying MMPA class action sufficed to establish amount in controversy even though plaintiffs sought recovery only on a subset of sales); *see also Diesel v. Procter & Gamble Co.*, No. 4:22-cv-892, 2022 WL 16948290 (E.D. Mo. Nov. 15, 2022); *Bell v. Walgreens Boots Alliance, Inc.*, No. 4:22-cv-873, 2022 WL 17987039 (E.D. Mo. Dec. 29, 2022).

25. Any attempt by Plaintiff to oppose removal on grounds he is only seeking a percentage of total sales should be rejected at the outset. Such a contention would be contradicted by his own allegations. (*See* Compl., ¶¶ 42, 76, 110 (claiming Plaintiff and the putative class would not have purchased the Product *at all* had they known of the purported falsity).) Case law is in accord. *See, e.g., Brunts v. Walmart, Inc.*, 68 F.4th 1091, 1094-95 (8th Cir. 2023) ("[T]he Supreme Court has held 'a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified.' Therefore, the standard is not what [plaintiff] argues he will ask for but what a fact finder could legally award.") (quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013)) (internal quotations and citation omitted); *Waller v. Henkel Corp.*, No. 4:23-cv-00486-SEP, 2023 WL 3750417, at *3 (E.D. Mo. June 1, 2023) (same); *Bell*, 2022 WL 17987039, at *2 ("Although Plaintiff claims to seek only a small percentage of total

6

profits, there is no basis to assume or estimate a price premium at this time, and in any case Defendants are not required to provide a formula for calculating damages; total sales figures suffice."); *Diesel v. Procter & Gamble Co.*, No. 4:22-cv-892, 2022 WL 16948290, at *3 (E.D. Mo. Nov. 15, 2022) (where plaintiff alleged she sought to recover only "a percentage of the price paid for the Product," explaining that plaintiff "ignore[d] her other allegations where she [sought] to recover a *full* refund" and "[e]ven if it is 'highly improbable' that Plaintiff will recover the amounts Defendant has put into controversy, the legally impossible standard" had not been met). Regardless, even under a percentage of sales theory, the amount in controversy still would exceed $5 million.

26. Second, Plaintiff also seeks attorneys' fees under the MMPA. *See* Mo. Rev. Stat. § 407.025; (*see also* Compl., "Wherefore" Cl. following ¶ 137.) Numerous cases have concluded that 33%, and up to nearly 40%, of compensatory damages can be used to estimate potential attorneys' fees as a component of the amount in controversy. *See, e.g.*, *Schott v. Overstock.com, Inc.*, Case No. 4:20-cv-00684-MTS, 2021 WL 148875, at *4 (E.D. Mo. Jan. 15, 2021) (holding that courts may assume attorneys' fees comprise 33% of actual damages in MMPA case while assessing whether CAFA's required amount in controversy was met); *Faltermeier v. FCA US LLC*, No. 4:15-cv-00491-DGK, 2016 WL 10879705, at *4 (W.D. Mo. May 26, 2016) (attorneys' fees could reach $1.4 million, representing 38.8% of compensatory damages, in MMPA case removed under CAFA), *aff'd*, 899 F.3d 617, 622 (8th Cir. 2018); *Baker v. NNW, LLC*, Case No. 15-00222-CV-W-GAF, 2015 WL 12843831, at *2 (W.D. Mo. June 1, 2015) (assuming attorneys' fees of 33% in MMPA case).

27. Third, Plaintiff seeks punitive damages under the MMPA. *See* Mo. Rev. Stat. § 407.025; (*see also* Compl., "Wherefore" Cl. following ¶ 137.) Punitive damages are included in

calculating the amount in controversy." *Schott*, 2021 WL 148875, at *4. "Punitive damages under the MMPA are based on combined compensatory damages and attorney's fees." *Id*. For purposes of establishing the amount in controversy, courts have recognized that an estimate of several multiples of the combined compensatory and attorneys' fees award is appropriate. *See Pirozzi*, 938 F.3d at 984 (recognizing that the Eighth Circuit has affirmed multiple punitive damages awards for MMPA violations where "the ratio of the collective punitive damages to the collective actual damages was approximately 27:1"); *Schott*, 2021 WL 148875, at *4 ("[A] punitive damages award at least four times the combined total of compensatory damages and attorney's fees is entirely plausible here.").

28.    Fourth, Plaintiff seeks injunctive relief. (Compl., "Wherefore" Cl. following ¶ 137.) "[T]he value of injunctive relief must also be considered where an injunction would cause the defendant to suffer financial loss." *Bell*, 2022 WL 17987039, at *3. Injunctive relief here could cost millions of dollars (*see id.*), which would further increase the amount in controversy.

29.    Because the requirements for this Court's original jurisdiction are satisfied, removal of this action is proper.

### III.    Venue is Proper

30.    District and divisional venue are proper under 28 U.S.C. § 1404(a) because this Court is the federal court for the division and district encompassing the Circuit Court of St. Louis County, Missouri, where the case was originally filed.

## FILING OF REMOVAL PAPERS

31.    Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this case is being given simultaneously to Plaintiff's counsel, and a Notice to Clerk of Removal is being filed with

the State Court. Church & Dwight will file copies of the aforementioned Notices in this Court upon serving the same upon Plaintiff's counsel and the State Court. *See* E.D. Mo. L.R. 2.03.

32.     By removing this case, Church & Dwight does not waive any rights or defenses available under federal or state law. Church & Dwight also does not waive, and expressly reserves, any arguments in opposition to class certification and all arguments and defenses supporting dismissal of this case under Rule 12 of the Federal Rules of Civil Procedure or any similar Missouri rule or statute, in the event this case returns to state court. Similarly, the statements in this Notice should not be construed as an admission that Plaintiff's allegations have any merit or are sufficient to state a claim, nor should it be deemed an admission of liability or that Plaintiff or any other putative class members have been damaged or are entitled to any payment. Church & Dwight expressly denies the allegations of the Complaint and any wrongdoing whatsoever.

WHEREFORE Defendant Church & Dwight hereby removes this case to the United States District Court for the Eastern District of Missouri, Eastern Division; requests that no further proceedings be had in the Circuit Court of St. Louis County, Missouri; and, further, requests that this Court grant such other and further relief as it deems just and proper.

                                            Respectfully submitted,

                                            **LEWIS RICE LLC**

Dated: September 7, 2023                    By: /s/ Michael L. Jente
                                            Michael L. Jente, #62980 (MO)
                                            Evan P. Jefferson, #73774 (MO)
                                            600 Washington Avenue, Suite 2500
                                            St. Louis, Missouri 63101
                                            Telephone:  (314) 444-7600
                                            Facsimile:  (314) 612-7600
                                            mjente@lewisrice.com
                                            ejefferson@lewisrice.com

                                            **PROSKAUER ROSE LLP**
                                            Baldassare Vinti (*pro hac forthcoming*)
                                            Jeff H. Warshafsky (*pro hac forthcoming*)
                                            Eleven Times Square
                                            New York, New York 10036-8299
                                            Telephone:  (212) 969-3000
                                            Facsimile:  (212) 969-2900
                                            bvinti@proskauer.com
                                            jwarshafsky@proskauer.com

                                            *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 7th day of September, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Further, I certify that a true and accurate copy of the foregoing was also e-mailed and deposited with the United States Postal Service on this 7th day of September, 2023 from 600 Washington Avenue, Suite 2500, St. Louis, Missouri, 63101, with first-class postage prepaid, and properly addressed for delivery, to:

Daniel F. Harvath
HARVATH LAW GROUP, LLC
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
dharvath@harvathlawgroup.com

*Attorney for Plaintiff*

                                                              /s/ Michael L. Jente